**DISMISSED IN PART and DENIED IN PART and Opinion Filed July 19, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00668-CV**

**IN RE BRADLEY B. MILLER, Relator**

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-02616-Y**

## MEMORANDUM OPINION
Before Justices Goldstein, Garcia, and Breedlove
Opinion by Justice Goldstein

Before the Court is relator's July 10, 2023 petition for writ of mandamus.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a).

To the extent relator complains about the associate judge's May 1, 2023 order on relator's motion to compel discovery and the district judge's purported rulings on

relator's motion to compel, we conclude after reviewing the petition and record before us that relator's petition does not comply with the Texas Rules of Appellate Procedure and relator did not satisfy his burden to provide a sufficient record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)–(2); *Walker*, 827 S.W.3d at 837. Because relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief, we deny these portions of relator's petition. *See In re Jones*, No. 05-23-00492-CV, No. 05-23-00493-CV, 2023 WL 4101440, at *1 (Tex. App.—Dallas June 21, 2023, orig. proceeding) (mem. op.).

To the extent relator asks this Court to compel (1) the district judge to rule on relator's motion to compel and (2) the trial court to provide a reporter's record, we conclude that relator did not satisfy his burden to provide a sufficient record and failed to provide any argument with appropriate citations to authorities and to the appendix or record to support the requested relief. *See* TEX. R. APP. P. 52.3(h), (k)(1)(A), 52.7(a)(1); *Walker*, 827 S.W.3d at 837. Accordingly, we deny these portions of relator's petition. *See* TEX. R. APP. P. 52.8(a).

To the extent relator simply asks for various declaratory and injunctive relief, we conclude that we lack jurisdiction and dismiss these portions of the petition. *See* TEX. GOV'T CODE ANN. § 22.221; *see, e.g., In re Day Inv. Grp., LLC*, No. 05-20-00643-CV, 2020 WL 5036145, at *1 (Tex. App.—Dallas July 2, 2020, orig. proceeding) (mem. op.) (injunctive relief); *In re Martin*, No. 05-18-00542-CV, 2018

WL 2147949, at *1 (Tex. App.—Dallas May 10, 2018, orig. proceeding) (mem. op.)

(declaratory relief).


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

230668F.P05